IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TROY ANTHONY HARDEN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 4:06-CV-100 (CDL) |
| | * | 42 U.S.C. § 1983 |
| JAMES A. DONALD, *et al.*, | * | |
| | * | |
| Defendants. | * | |

**REPORT AND RECOMMENDATION**

On September, 12, 2006, Plaintiff filed a Motion to obtain an Emergency Restraining Order against Defendant Boone. In his motion, Plaintiff states that Defendant Boone's presence "here at Muscogee County Prison pending the above action is causing Plaintiff to live in danger, state of anxiety and insecurity." (R-7-1). Plaintiff states that he has "a constitutional right to be protected." *Id*.

In this circuit there is a four-factor test for granting a temporary restraining order (TRO).

> To be entitled to a TRO, a movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest.

*Ingram v. Ault*, 50 F. 3d 898, 900 (1995) (additional citations omitted). A temporary restraining order is a drastic remedy used primarily for maintaining the status quo of the parties. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*,

671 F.2d 426, 429 (11th Cir. 1982).

In his complaint, Plaintiff did not allege any physical injury inflicted by Defendant Boone, nor has he presented any evidence that Defendant Boone has threatened him harm. A review of Plaintiff's Motion reveals that he has failed to establish that he is in any imminent danger from the mere presence of Defendant Boone at Muscogee County Prison (MCP). Nor has Plaintiff shown that irreparable injury will occur if Deputy Warden Boone is not removed from his position of authority at MCP. The court will not compel a Defendant to perform an act, or in this case remove a Deputy Warden from his position at MCP, simply because Plaintiff desires it.

Because the Plaintiff has failed to show that irreparable injury will occur without the removal of Defendant Boone from MCP, he has failed to meet the four prong test for obtaining a temporary restraining order.

THEREFORE, IT IS HEREBY RECOMMENDED that Plaintiff's Motion for a Temporary Restraining Order be DENIED. Pursuant to 28 U.S.C.A. § 636(b)(1), Plaintiff may serve and file written objections to this RECOMMENDATION with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

SO RECOMMENDED this 2nd day of October, 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc